In the Matter of the Estate of EDWARD FRANCIS CROFUTT, Deceased.

Surrogate's Court, Kings County, January 21, 1936.

*Levin & Weintraub,* for Sarah Katherine Ingram, petitioner.

No other appearances, as all statutory distributees waived.

WINGATE, S. Perhaps the most frequently reiterated principle of probate law is the extreme solicitude of the courts in the per-

formance of all which is legally possible to effectuate the testamentary wishes of the decedent.

In the present case there have been filed in this court two apparently valid testamentary documents, a will and a codicil, each purporting to have been executed by the decedent and three witnesses. The documents are not only carefully drawn, typewritten and witnessed with properly worded attestation clauses, but they are severally acknowledged by notaries public.

The statutory distributees apparently determined among themselves that they did not desire to have these documents admitted to probate. In furtherance of this purpose a petition was initially presented praying a denial of probate of both instruments, the will on the ground that none of the subscribing witnesses could be found, and the codicil on the allegation that one of its witnesses denied any participation in the matter and that the other two, although physicians, could not be located.

When this application met with failure, the known subscribing witness to the codicil was produced and readily executed the usual depositions as to its due execution and respecting the handwriting of the decedent and of the other two witnesses, and, upon the demonstration that one of the others had died in 1925, and the remaining one was absent in Europe, their testimony was dispensed with by order of the court pursuant to section 142 of the Surrogate's Court Act, thus removing all obstacles to the probate of the codicil.

The effort to destroy the will still persists. In the original application to this end affidavits were submitted of alleged efforts to locate the witnesses at the address given in the document, and of examination of the telephone books of the five boroughs of New York city, which was stated to have disclosed the names of none of the witnesses to the will.

Two of the witnesses to the will were John Meyer and Florence Meyer, and the allegations of this affidavit seemed so essentially improbable that the court took occasion to inspect the telephone directories of four of the five boroughs of the city, with the result, noted in its former memorandum denying the application (*Matter of Crofutt*, N. Y. L. J. Nov. 27, 1935, p. 2109), that it found fifty-two individuals by the name of John Meyer, twenty-three given as J. Meyer and six as Jack Meyer.

The application is now renewed on an affidavit which discloses the finding in directories of the five boroughs of eighty-seven individuals of the name of Meyer with initials or first names corresponding with those of the subscribing witnesses. It further alleges the sending of a letter to each, calling upon the recipient

to write or telephone the attorney seeking to have probate denied and affirms that of these eighty-seven, nine wrote disclaiming that they were the witnesses, thirty-five telephoned to the same effect, and one called in person with like result, making a total of forty-five from whom communications are alleged to have been received. Accepting these statements at their face value, there still remain thirty-two concerning whom nothing can be said except that they have failed to exhibit sufficient interest in the matter to spend their time and money in replying to the letter of the affiant (which apparently did not inclose return postage). Each of these is potentially one of the witnesses to the will and should be definitely eliminated as a possibility.

Further than this, however, the letter sent by the attorney for the interested parties fails to disclose due diligence in that it made no attempt to find a person who could identify the signature of one of the witnesses to the will. Proof of the signature of the testator is obviously readily obtainable, wherefore if proof of the signature of even one of the subscribing witnesses can be secured, the probate might be effected.

Finally, it does not appear that any effort has been made to find the notary who attested the document. It seems quite possible that he may have been present at the time the execution took place, and if so, he should be able to supply the missing proof.

Particularly in a case like the present, in which past experience has demonstrated that the statements on behalf of the interested parties are untrustworthy, the court is disinclined to scrap the carefully prepared statement of the wishes of the decedent in the absence of a demonstration of diligence comparable to that which might be expected from counsel were their success to be measured by their ability to probate the will instead of by their success in rendering it nugatory. (Cf. *Matter of Katz*, 135 Misc. 861, 871.)

For the reasons assigned, the present application is denied.

Enter order on notice.